## Berger v. Presser

*George I. Puhak, Andrew I. Puhak,* for plaintiff.
*Elwood H. Jones,* for defendant.

FLANNERY, J., October 13, 1955.—Plaintiff filed a bill in equity and obtained a rule to show cause why defendant should not be enjoined preliminarily from erecting and maintaining an open incinerator on his land in close proximity to defendant's home.

It is averred that plaintiff and his family will be subjected: To the annoyance of offensive odors, smoke and soot and to the danger of fire from sparks.

The term nuisance signifies such use of property or such course of conduct as, irrespective of actual trespass against others or of malicious or actual criminal intent, works obstruction or injury to a right of another or of the public, and producing such hurt, annoyance, inconvenience or discomfort that the law

will presume a consequent damage: Waschak v. Moffett, 173 Pa. Superior Ct. 209.

The term private used in relation to the word nuisance implies an injury to one individual plaintiff, rather than to the public generally.

If the averments of the bill are sustained defendant's conduct would then appear to constitute a private nuisance and under appropriate circumstances would be enjoined.

Section 822 of the A. L. I. Restatement of the Law of Torts, sets forth some of the tests for determining liability resulting from a private nuisance.

"The actor is liable in an action for damages for a non-trespassory invasion of another's interest in the private use and enjoyment of land if,

"(a) the other has property rights and privileges in respect to the use or enjoyment interefered with; and

"(b) the invasion is substantial; and

"(c) the actor's conduct is a legal cause of the invasion; and

"(d) the invasion is either

"(i) intentional and unreasonable; or

"(ii) unintentional and otherwise actionable under the rules governing liability for negligent, reckless or ultrahazardous conduct."

We then turn to the proof offered to sustain plaintiff's averments. An open incinerator, as averred, is a device for the consumption by fire of such combustible materials as may be committed to it for that purpose. In accepted usage it describes a contraption used for the disposal by fire of rubbish, garbage and waste material. The process may be and usually is accompanied by odors, fumes, smoke and soot. As such, in close proximity to human habitation, it might and probably would be highly offensive. As such it might and probably would be enjoined. But the proof here

does not support the averment. On the contrary it refutes plaintiff's charges.

What defendant is building is an outdoor barbecue and grill with a patio and such incidentals as will make it a luxurious adjunct to the household premises. It will burn charcoal, practically smokeless, and is, or will be, equipped with a spark arrester to eliminate the danger of fire. The local authorities testify it will not constitute a fire hazard. There will be no odors, or if any odors arise they should be pleasant. They should be such odors as we commonly experience with the preparation of food.

Such a facility in itself does not constitute a nuisance per se and will not be enjoined unless it clearly appears that a nuisance will necessarily result from its use. If injury be doubtful, merely possible or only contingent, equity will not enjoin: Kelly v. Philadelphia, 382 Pa. 459.

No one will question the authority of equity to restrain the erection of a structure intended for a purpose which will interfere unreasonably with residents in the neighborhood in the use and enjoyment of their respective properties but such has not been shown in the instant case and for that reason the preliminary restraint requested here will be refused.

It may be that a full hearing will develop such further evidence as will warrant the intervention of the courts. That must await trial. It may be that the use of this barbecue grill will develop along lines that cannot now be anticipated. If so, and if such use is injurious, harmful or prejudicial to plaintiff in the use and enjoyment of his property, a remedy will be available. Complainants may renew their application at any time if and when, as a result of the operation of the fireplace, they can show a nuisance in fact exists, i.e., defendant does burn rubbish, garbage, etc., and/or does create offensive odors, smoke, embers, sparks, etc.

But on the status quo as it now exists, as shown by the testimony, the averments of the bill have not been established and there is shown no injury present or prospective.

Wherefore, the rule on defendant to show cause why an injunction should not issue is denied, defendant is directed to answer, and the matter proceed to final adjudication.